**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| NICHELLE GERTZ, ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CAUSE NO.: 2:08-CV-00074-JTM |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Petition to Quash IRS Summons [DE 1], filed by Plaintiff Nichelle Gertz on March 3, 2008; and a Motion [DE 4], filed by Plaintiff on March 31, 2008. On April 15, 2008, Defendant Internal Revenue Service ("IRS") filed a Defendant's Response to Plaintiff's Motion to Quash Additional Summonses. Plaintiff failed to file a reply and the time to do so has passed.

Plaintiff opened this action on March 3, 2008, by filing a Petition to Quash six third-party summonses issued by the IRS on or about January 15, 2008. Plaintiff attached copies of the third-party summonses to her Petition. The summonses were sent to financial services institutions and request financial records from 2004 to 2006. The summonses expressly identify Plaintiff, as well as her husband David A. Gertz, as subjects of the records sought. Plaintiff contends that she was entitled to notice of the third-party summonses because she was identified in the summonses. Plaintiff represents that she was not provided with any notice by the IRS and as a result requests that the third-party summonses be quashed.

On March 31, 2008, Plaintiff filed a Motion, requesting that the Court quash additional third-party summonses issued by the IRS. Plaintiff alleges in her Motion that the IRS served revised versions of the same third-party summonses that she complained of in her Petition, however, the

revised versions do not identify Plaintiff as a subject of the records sought.  Plaintiff contends that she was entitled to notice of the six revised third-party summonses, even though her name had been removed.  Plaintiff requests that the Court quash the revised third-party summonses because she never received notice.

On April 15, 2008, the IRS filed a response to Plaintiff's Motion.  The IRS contends that it withdrew the original third-party summonses addressed by Plaintiff's Petition, and thus Plaintiff's request to quash those summonses is moot.  The Court agrees and denies as moot Plaintiff's Petition to Quash the now withdrawn IRS summonses.  With regard to Plaintiff's Motion, the IRS argues that Plaintiff is not identified in the revised third-party summonses, and that pursuant to the Internal Revenue Code ("IRC"), Plaintiff was not entitled to notice of the revised third-party summonses.

Section 7609(a)(1) of the IRC provides:

> If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, . . . any person (other than the person summoned) *who is identified in the summons, then notice of the summons shall be given to any person so identified* within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined.

IRC § 7609(a)(1) (emphasis added).  Section 7609(b)(2) of the IRC provides:

> Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).

IRC § 7609(b)(2).  Recently, the United States Court of Appeals for the Ninth Circuit interpreted these provisions of the IRC in an analogous factual setting.  In *Stewart v. United States*, the court considered whether a wife, who was not identified in an IRS administrative third-party summons issued in connection with an investigation of her husband's income tax liabilities, had standing to file a petition to quash.  511 F.3d 1251 (9th Cir. 2008).  The court found that only persons identified

2

in a summons are entitled to notice of its issuance under § 7609(a)(1). *See id.* at 1253. Because she was not named in the summons, the court held that the wife lacked standing under § 7609(b)(2) to petition the court to quash the summons. *See id.* at 1253-54.

The *Stewart* court, in its analysis of § 7609(a)(1), noted the reasoning of the United States Court of Appeals for the Second Circuit in *United States v. First Bank*, 737 F.2d 269 (2d Cir. 1984). In *First Bank*, the court similarly considered whether a co-owner of a bank account that was the subject of an IRS third-party summons for production of records was entitled to notice of the summons. The co-owner was not the target of an IRS investigation and was not identified in the summons. The bank, seeking to protect its account holders, refused to comply with the IRS summons on the grounds that no notice was given to the co-owner. The district court agreed with the bank, finding that the co-owner was entitled to notice of the summons because that individual's interest in the account was coextensive with the investigated taxpayer's interest. *See id.* at 270-71. The court of appeals reversed, reasoning that under the plain meaning of § 7609(a), notice need only be given to the person or persons "'identified' in the summons." *Id.* at 271. The court considered the legislative history of § 7609(a) and found that it did not require anything other than a plain reading of the statute. *See id.* at 273.

The parties were unable to identify any decisions of the United States Court of Appeals for the Seventh Circuit on this issue. Nevertheless, the Court finds that the reasoning of the Second and Ninth Circuits is persuasive. Here, according to the IRS's representation to this Court, a representation that was not disputed by Plaintiff, Plaintiff is not identified in the revised third-party summonses. Pursuant to § 7609(a), because Plaintiff was not identified in the revised third-party summonses, the IRS was not required to provide her with notice of their issuance. In addition,

because she was not entitled to notice under § 7609(a), Plaintiff does not have standing under § 7609(b)(2) to petition the Court to quash the summonses.

Plaintiff attempts to establish a notice duty on the IRS through Part 25 of the Internal Revenue Manual ("IRM"), which addresses special topics, summonses on third-party witnesses. With regard to third-party witnesses, the IRM, in its definition section, defines "noticee" as, "The persons entitled to notice of a third-party summons are the taxpayer identified in the heading of the summons and every person identified in the description of summoned records. . . . A noticee has the right to be given notice of the summons, to intervene in a summons enforcement proceeding, and to bring a proceeding to quash the summons." IRM 25.5.6.3.8. In a note following the definition language, the IRM provides, "For example, if the agent or officer knows that bank accounts are listed in the joint names of husband and wife, then both the husband and wife should be identified in the description of summoned records and both should be given separate notice, even if they reside at the same address." *Id.* Plaintiff, while setting forth the text of IRM 25.5.6.3.8, failed to explain the Manual section's legal authority in this matter. The IRS, in response to Plaintiff's reliance on IRM 25.5.6.3.8, argued that the Manual section does not apply to this matter.

In response to the parties' disagreement over the applicability of IRM 25.5.6.3.8 to this case, the Court, in an Order dated April 29, 2008, invited the parties to provide citations to legal authority in support of their statements that IRM 25.5.6.3.8 either applies, or does not apply, to this fact situation. The Court set a May 8, 2008, deadline for any supplemental filings. On May 8, 2008, the IRS filed a Supplemental Response to Defendant's Motion to Quash Additional Summonses. In its Supplemental Response, the IRS again referred to *Stewart* and *First Bank*. The IRS further argued that IRM 25.5.6.3.8 requires notice to both spouses in joint audits or investigations of jointly filed tax returns, but does not apply to this case, where only David A. Gertz is identified as a subject of

the summonses.  Plaintiff failed to file any supplemental authority and her time to do so has passed. Based on the representations of the IRS, and noting Plaintiff's failure to file any supplemental authority, the Court finds that IRM 25.5.6.3.8 does not apply to this case and that it does not create a duty on the IRS to provide Plaintiff with notice of the issuance of third-party summonses that do not identify her.

Having considered the Motion, the Court now **DENIES AS MOOT** the Petition to Quash IRS Summons [DE 1], and **DENIES** the Motion [DE 4].

So ORDERED this 14th day of May, 2008.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:  All counsel of record